# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

GANJIN SU, )
)
                Plaintiff, )
)
vs. ) No. 05-1277-CV-W-FJG
)
MICHAEL CHERTOFF, Secretary for )
Department of Homeland Security, MICHAEL )
JAROMIN, District Director of U.S. )
Citizenship and Immigration Services, )
Jane Does 1-20, )
)
                Defendants. )

## ORDER

Plaintiff filed her Complaint in this case on December 27, 2005. On April 5, 2006, plaintiff filed a Request for Entry of Default Judgment (Doc. # 3). Plaintiff states that he sent the Summons, civil coversheet and a copy of the Complaint to U.S. Attorney's office, 400 E. 9th Street, Kansas City, Missouri, 64106, certified mail, return receipt requested. Plaintiff states that he received the return receipt with a signature from the U.S. Attorney's office acknowledging receipt of the papers. Plaintiff states that he filed Proof of Service with the Court on January 9, 2006. Plaintiff states that the United States has not responded to his Complaint and although he has spoken on the phone with the U.S. Attorneys' office, no action has been taken regarding his application.

The deadline for plaintiff to effect service was April 26, 2006.

Fed.R.Civ.P. 4(I) states that service upon the United States shall be effected:

    (A) by delivering a copy of the summons and of the complaint to the

> United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney ***and***
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia,
> . . .
> (2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) ***and by also*** sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

(emphasis added).

Fed.R.Civ.P. 4(m) provides that the Court shall extend the time for completing service if plaintiff can show good cause for his failure to complete service. "A showing of good cause requires at least 'excusable neglect'–good faith and some reasonable basis for noncompliance with the rules." Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996); McKenzie v. Lunds, Inc., 63 F.Supp.2d 986, 994 (D.Minn. 1999). "If plaintiff fails to show good cause, the court still may extend the time for service rather than dismiss the case without prejudice." Adams, 74 F.3d at 887.

In the instant case the Court finds that plaintiff is proceeding pro se and apparently believed that he had effected service upon the defendants by serving only the United States Attorney's office. However, as evidenced by the above referenced Rule, plaintiff did not properly serve the defendants. Therefore, plaintiff will be given an extension of time until **June 2, 2006**, in which to effect service upon defendants in the manner described above. If plaintiff has not effected service of the Complaint or moved for an extension of time by this date, his Complaint will be dismissed. As plaintiff never

properly affected service upon the defendants, plaintiff's Motion for Default Judgment (Doc. # 3) is hereby **DENIED**.


Date:   May 11, 2006     **S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri    Fernando J. Gaitan Jr.
                         United States District Judge